UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMIR BOWMAN,

                Plaintiff,

         -v-                                         9:23-CV-1018 (AJB/MJK)

JAMES PATERNOSTER,

                Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

AMIR BOWMAN
Plaintiff, Pro Se
32941
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

FELT, EVANS LAW FIRM                        KENNETH L. BOBROW, ESQ.
Attorneys for Defendant
4-6 North Park Row
Clinton, NY 13323

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On August 21, 2023, *pro se* plaintiff Amir Bowman ("plaintiff"), a pre-trial detainee who was formerly in the custody of the Oneida County Correctional Facility, filed this 42 U.S.C. § 1983 action alleging that corrections officers violated his civil rights during a physical altercation that allegedly occurred while he was experiencing a "mental health crisis." Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 4, 6.

The matter was assigned to Senior U.S. District Judge Gary L. Sharpe, who granted plaintiff's IFP Application and, after conducting an initial review of the complaint, determined that plaintiff's § 1983 Fourteenth Amendment excessive force claim against defendant James Paternoster survived initial review and required a response. Dkt. No. 8. Thereafter, defendant answered the complaint, Dkt. No. 13, and the parties entered a brief period of discovery.

On October 2, 2024, defendant moved for summary judgment against plaintiff's § 1983 claim. Dkt. No. 24. There, defendant argued that plaintiff had failed to exhaust his available administrative remedies and that, in any event, plaintiff had failed to show that any force was actually used against him during the incident in question. *Id*.

Plaintiff failed to respond to the motion by the initial opposition deadline. So the Clerk of the Court re-noticed the motion. Dkt. No. 25. But the Clerk's re-notice was returned to the Court as undeliverable. Dkt. No. 27. Out of an abundance of caution, and light of plaintiff's *pro se* status, the assigned magistrate judge *sua sponte* extended the time period in which plaintiff could respond. Dkt. No. 28. But this court order was returned as undeliverable, too. Dkt. No. 29.[1] The matter has since been reassigned to this Court for all further proceedings. Dkt. No. 30.

On April 4, 2025, after the response deadline expired for a third time without a filing from plaintiff, U.S. Magistrate Judge Mitchell J. Katz advised by Report & Recommendation ("R&R") that defendant's motion for summary judgment be granted. Dkt. No. 31. As Judge Katz explained, the available record established that plaintiff had failed to exhaust his available administrative remedies. *Id*. Even assuming otherwise, Judge Katz determined that the available record established that no physical force was used against plaintiff. *See id*. Accordingly, Judge Katz advised that plaintiff's complaint should be dismissed with prejudice. *Id*.

---

[1] These returned mailings are both stamped "return to sender – not deliverable as addressed – unable to forward."

Plaintiff has not lodged objections. Notably, however, plaintiff did seek an extension of time to respond to defendant's motion for summary judgment.[2] Dkt. No. 32. This Court denied that request because, at that time, Judge Katz's R&R was already pending. However, this Court *sua sponte* extended the deadline in which plaintiff could lodge objections to Judge Katz's R&R and, in light of his *pro se* status, directed the Clerk of the Court to re-serve plaintiff with a copy of that R&R. Dkt. No. 33. Despite this Court's solicitude, the latest extended time period has once again expired without a filing from plaintiff. *See id*. Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 31) is ACCEPTED;

2. Defendant's motion for summary judgment (Dkt. No. 24) is GRANTED; and

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: June 11, 2025
Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[2] Although the undelivered mailings seemed to suggest that plaintiff had been released from pre-trial custody, this most recent letter was mailed from the current address on file with the Court. Dkt. No. 32 at 12.